UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXP CORP.,<br><br>                    Plaintiff,<br><br>-against-<br><br>JUDA OHANA, and CNH FOOD INC.,<br><br>                    Defendants. | **MEMORANDUM AND ORDER**<br>Case No. 23-CV-5480 (FB) (JRC) |

*Appearances:*
*For the Plaintiff:*
WILLIAM C. RAND
Law Office of William Coudert Rand
501 Fifth Avenue, 15th Floor
New York, NY 10017

*For the Defendants:*
BRETT EVAN LEWIS
RACHEL ANN NIEDZWIADEK
Lewis & Lin, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Defendants Juda Ohana and CNH Food Inc. (collectively, "Defendants") move to sanction plaintiff EXP Corp. (the "Plaintiff") pursuant to Rule 11 of the Federal Rules of Civil Procedure for filing an Amended Complaint containing allegedly false facts and frivolous legal arguments. After reviewing the parties' submissions, the Court denies Defendants' motion.

"'A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well

1

grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.'" *Sorenson v. Wolfson*, 683 F. App'x 33, 35 (2d Cir. 2017) (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002)). But "[t]he time when sanctions are to be imposed rests in the discretion of the trial judge," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 56 n.19 (1991), "and the practice in this Circuit is to 'only grant[ ] sanctions motions based on a plaintiff's fraudulent allegations after the end of discovery and/or summary judgment practice[.]'" *Brikman v. Hecht*, No. 19-CV-5143, 2021 WL 3741538, at *3 (E.D.N.Y. Aug. 24, 2021) (quoting *Laba v. JBO Worldwide Supply Pty Ltd.*, No. 20-CV-3443, 2021 WL 2739228, at *5 (S.D.N.Y. July 1, 2021)); *see also Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, No. 15-CV-2457, 2019 WL 1244493, at *9 (S.D.N.Y. Mar. 18, 2019), *vacated in part on other grounds*, 991 F.3d 361 (2d Cir. 2021), *and aff'd*, 850 F. App'x 38 (2d Cir. 2021) (collecting cases). "That practice reflects the fact that typically 'only after discovery has been completed will the Court properly have before it' the basis for a plaintiff's allegations." *Brikman*, 2021 WL 3741538, at *3 (quoting *Luv N' Care, Ltd. v. Shiboleth LLP*, No. 16-CV-3179, 2017 WL 3671039, at *13 (S.D.N.Y. Aug 8, 2017)). Still, the Court can consider if, during discovery, the nonmovant's claims utterly lack factual support or have "no chance of success under the existing precedents." *E. Gluck Corp. v.*

2

*Rothenhaus*, 252 F.R.D. 175, 181 (S.D.N.Y. 2008) (quoting *Park v. Seoul Broad. Sys. Co.*, No. 05-CV-8956, 2008 WL 619034, at *1 (S.D.N.Y. Mar. 6, 2008)).

In line with this Circuit's practice, the Court will not impose sanctions while discovery continues. At this stage, Plaintiff has produced some evidence to support its factual allegation that it used the "Brooklyn Lab" name before Defendants. Pl.'s Mem. 12, ECF No. 56; *see O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996) ("[S]anctions may not be imposed unless a particular allegation is utterly lacking in support."). And Plaintiff's claims are not sanctionable merely because its evidence appears inconsistent with Defendants'. *Bishop v. Cnty. of Suffolk*, No. 13-CV-446, 2019 WL 13422759, at *10 (E.D.N.Y. Aug. 31, 2019) ("Defendants are entitled to assert their theory of the case and the facts they see which support that theory, even when doing so results in competing interpretations of the material facts."). Although discovery may unearth evidence that revives Defendants' motion, the Court will not prematurely entertain it.

Further, Plaintiff's legal positions at this stage have some "'chance of success[.]'" *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011) (quoting *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995)). Defendants do not offer binding authority to foreclose Plaintiff's argument that "filing a trademark application under Section 1(b) [of the Lanham Act] creates an irrebuttable presumption that the mark in question had not been used in commerce at the time

3

of its filing." Def.'s Mem. 11, ECF No. 49-1. Any remaining contentions with Plaintiff's other legal arguments impermissibly contemplate their merits. *See e.g.*, *Bishop*, 2019 WL 13422759, at *8 ("[I]n assessing whether Rule 11 sanctions should be imposed, the court does not judge the merits of an action." (quoting *Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, No. CV 05-2755, 2007 WL 2021905, at *3 (E.D.N.Y. Mar. 16, 2007))); *Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 413–14 (S.D.N.Y. 2003) (refusing to consider sanctions motion that required court to construe legal sufficiency and merits of claim before summary judgment or trial); *Wald v. Inv. Tech. Grp., Inc.*, No. 04-CV-1691, 2004 WL 2496131, at *3 (S.D.N.Y. Nov. 5, 2004) ("At this point, it would be putting the cart before the horse for the Court to construe the language of the patent claims, just so as to determine the merits of the sanctions motion.").

For the foregoing reasons, the Court denies Defendants' sanctions motion.

**SO ORDERED.**

                                                   _/S/ Frederic Block_
                                                   FREDERIC BLOCK
                                                   Senior United States District Judge

Brooklyn, New York
November 18, 2024