UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EXP CORP.,

Plaintiff,

-against-

JUDA OHANA, and C N H FOOD INC.,

Defendants-Counterclaim Plaintiffs,

-against-

EXP CORP., KEUNHO KIM, and KWAN HOON, INC.,d/b/a BROWNY COFFEE ROASTERS,

Counterclaim-Defendants.

**MEMORANDUM AND ORDER**
Case No. 1:23-cv-05480 (FB) (CHK)

*Appearances:*

*For the Plaintiff and Counterclaim-Defendants:*
ELENI MELEKOU
Pardalis & Nohavicka LLP
905 Third Avenue, 11th Floor
New York, NY 10022

WILLIAM C. RAND
LAW OFFCIE OF WILLIAM COUDERT RAND
501 Fifth Avenue, 15th Floor
New York, NY 10017

*For Defendants and Counterclaim Plaintiffs*
ANNA ISKIKIAN
MICHEAL D. CILENTO
BRETT EVANS LEWIS
Lewis & Lin LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Plaintiff and Counterclaim-Defendants EXP Corp, Keunho Kim, and Kwan Hoon, Inc. ("EXP Corp") move for Rule 11 sanctions against Defendants-Counterclaim Plaintiffs Juda Ohana and CNH Food Inc. ("Ohana"), alleging that Ohana fabricated 11 digital invoices created in the Wave accounting system as evidence to support its counterclaim in this copyright action.

The gravamen of the allegation rests on an expert report by Robert Knudsen, Plaintiff's expert ("Knudsen Report"). He identifies 11 invoices whose metadata shows a "Transaction Date Last Modified" of November 7, 2023, which is 18 to 36 months after the invoices were added to the system. Dkt. 109-4, Ex. B ¶¶ 24–30.

All of the invoices reference "Brooklyn Lab" Coffee, the subject of the copyright dispute. *Id.* ¶ 24. EXP Corp alleges that the modification date, together with the discrepancy between the original typed invoices and the digital invoices, proves fabrication by Ohana. Dkt. 109-2 at 14. EXP Corp's expert, Dr. Westland, offered several explanations for how the metadata could have changed. Dkt. 110-7 at 5–9. Knudsen's rebuttal report casts doubt on some of those explanations. Dkt. 11-1, Ex. A.

The Court finds that EXP Corp's fabrication claim has some merit, but not enough to establish by clear and convincing evidence that Ohana perpetrated a fraud on the court. Given the gravity of the accusation and the presence of

competing experts, whose credibility will be crucial to resolving the dispute, the Court believes that an evidentiary hearing would be prudent. *See Esposito v. Suffolk Cnty. Cmty. Coll.*, No. 216CV04833ADSARL, 2019 WL 1044099, at *4 (E.D.N.Y. Mar. 4, 2019).

Accordingly, the Court orders further proceedings in the form of an evidentiary hearing before Magistrate Judge Clay K. Kaminsky. The Magistrate Judge is to report back on whether (1) the invoices in question were fabricated and, if so, (2) imposing Rule 11 sanctions would be proper.

**SO ORDERED.**

_/S/ Frederic Block___________
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 20, 2026